UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAWAN AKIL BEY,<br>        Plaintiff, | No. 3:15-cv-766 (SRU) |
| v. | |
| LANDO RESORTS CORP., *et al.*,<br>        Defendants. | |

ORDER DISMISSING CASE

This case arises out of statements that were made in filings and proceedings in another case in this District, *Lopez, et al. v. Lando Resorts Corp.*, No. 3:14-cv-1609 (JCH). The *pro se* plaintiff in this case, Jawan Akil Bey, was not a party in that case, but according to his complaint and other filings here, the *pro se* plaintiffs in that case were close friends of his for whom he acted as interpreter and offered unspecified (and uncompensated) assistance. The defendant in that case, Lando Resorts Corporation ("Lando") (which is also one of the defendants here), became suspicious that Bey was ghostwriting those plaintiffs' filings and practicing law without a license, because those plaintiffs were not fluent English speakers, because they used Bey's email address, and because Bey is himself a prolific *pro se* litigant[1] and writes in an idiosyncratic style similar to the style of the filings in the underlying case. Lando apprised the Court in that case of its suspicion by filing a motion seeking the sanction of dismissal of the putative *pro se* complaint or an investigation into whether Bey was indeed engaging in the unlicensed practice of law. Chief United States District Judge Janet C. Hall denied the motion from the bench, but

---

[1] A defendant in this case cites nine other federal lawsuits apparently filed by Bey (and which were dismissed at the pleading stage). *See* Greenspoon Marder's Mem. Supp. Mot. Dismiss 1 n.1 (doc. # 12).

warned the *pro se* plaintiffs not to take legal advice from Bey. *See Lopez*, No. 3:14-cv-1609 (JCH), Ct. Mins., July 22, 2015 (doc. # 73); *id.*, Hr'g Tr. 14–15 (doc. # 76).[2]

Bey proceeded to file this lawsuit *pro se* against Lando, Greenspoon Marder P.A. (the Florida law firm that represented Lando), three of that firm's lawyers (Jeffrey A. Backman, Richard W. Epstein, and Scott M. Wellikoff), Murtha Cullina L.L.P. (the Connecticut law firm that served as Lando's local counsel), two of that firm's lawyers (David P. Friedman and Kristen L. Zaehringer), and one of its legal secretaries (Jennifer Caulfield). Bey does not specify the conduct of each defendant that could give rise to individual liability but alleges generally that statements made in the underlying litigation that he was practicing law without a license are "false and inflammatory" and give rise to six causes of action: (1) deprivation of rights under color of law pursuant to 42 U.S.C. § 1983; (2) conspiracy to deprive rights under color of law pursuant to 42 U.S.C. § 1985 and 18 U.S.C. §§ 241 and 242; (3) refusal or neglect to prevent the deprivation of rights pursuant to 42 U.S.C. § 1986; (4) libel, slander, and defamation of character; (5) invasion of privacy; and (6) intentional infliction of emotional distress and mental anguish.

Bey did not properly serve any defendant, but rather delivered deficient service to the office of Greenspoon Marder in Florida (it appears, in fact, that one of the *pro se* plaintiffs in the underlying case delivered it). An attorney there accepted service, despite its deficiency, solely on behalf of the firm. Bey then filed an executed return of service (doc. ## 22–23) that purports to represent effective service on all defendants (including Connecticut defendants) by means of that delivery. The defendants filed motions to quash (doc. ## 24, 26), which Bey opposes with inapposite arguments about agency and respondeat superior. Murtha Cullina, while not

---

[2] The hearing transcript is also attached as an exhibit to a reply brief in this case (*see* doc. # 32-2).

conceding service, filed a motion to dismiss (doc. # 18) on its own behalf and on behalf of its employees (Caulfield, Friedman, and Zaehringer). Greenspoon Marder filed a motion to dismiss (doc. # 11) on its own behalf and indicated that its employees (Backman, Epstein, and Wellikoff) and its client (Lando) have not been served.

The defendants are correct that Bey's purported service on them was deficient; Bey did not comply with Rule 4 of the Federal Rules of Civil Procedure and does not seriously contend that he did. His agency argument is mistaken, confusing liability rules with rules governing service of process, and the motions to quash should be granted. The larger problem, however, is that this entire case is premised upon allegedly tortious statements that are protected by absolute privilege. "It is well settled that 'communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" *Hopkins v. O'Connor*, 282 Conn. 821, 830–31 (2007) (quoting *Petyan v. Ellis*, 200 Conn. 243, 245–46 (1986)). Even statements that might otherwise be defamatory, if they "are uttered or published in the course of judicial proceedings, *even if they are published falsely and maliciously*, . . . nevertheless are absolutely privileged" as long as they are relevant. *Id.* at 838 (emphasis added). "The test for relevancy is generous," *id.* at 839, and it is surely satisfied here. All of Bey's claims arise from statements made to a Court in the course of litigation and pertain expressly to the conduct of that litigation. Bey is a *pro se* litigant and is thus entitled to a liberal interpretation of his pleadings, *see, e.g.*, *Green v United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings . . . ."), but there is no plausible construction of his pleadings, however liberally construed, that makes out a viable claim. The motions to dismiss therefore must be granted.

3

The defendants identify other issues relating to particular counts or groups of counts that are independently sufficient to grant the motions to dismiss, but because all of the claims are barred by litigation immunity, I do not address those issues individually. Because there are no allegations of any tortious conduct outside of the specially privileged sphere of litigation, there is no reasonable probability that the deficiency can be cured by re-pleading, or that the complaint is viable against the defendants who—having never been served—did not join the motions to dismiss. Allowing Bey to re-plead or to attempt to effect service would be futile, and the complaint is therefore dismissed with prejudice in its entirety. The Clerk shall enter judgment for the defendants and close the case.

      So ordered.

Dated at Bridgeport, Connecticut, this 10th day of December 2015.

      /s/ STEFAN R. UNDERHILL
      Stefan R. Underhill
      United States District Judge